IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>**GUY ANTHONY BERTELLI**<br><br>SSN: XXX-XX-2888<br>      Debtor. | Case No. **17-14840-KHT**<br><br>Chapter 7 |
| **THE WASSAIL GROUP, LLC,**<br>      Plaintiff,<br><br>v.<br><br>**GUY ANTHONY BERTELLI,**<br>      Defendant. | Adv. Pro. No. 17-_____-KHT<br><br>17-01343KHT |

**VERIFIED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, The Wassail Group, LLC (hereinafter "Wassail" or "Plaintiff"), by and through its attorneys, Padilla & Padilla, PLLC, hereby complains and alleges against Judgment Debtor, Guy Anthony Bertelli, as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a limited liability company existing pursuant to the laws of the State of Colorado, with offices located at 5641 Willow Wood Drive, Morrison, Colorado 80465.

2. Upon information and belief, Guy Anthony Bertelli (hereinafter "Defendant" or the "Judgment Debtor"), is an individual whose primary residence is located at 9155 W. Cornell Place, Lakewood, Colorado 80227.

3. This Court has jurisdiction over this Adversary Proceeding pursuant to Fed. R. Bankr. P. Rule 7001 and 4007, 11 U.S.C. § 523 and 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

**PAID**

1

## II. GENERAL ALLEGATIONS

5. On March 18, 2005, Judgment Debtor's company, Global Golf & Gift, Inc. ("Global Golf"), filed a civil action in the Denver District Court against Wassail, and other individual defendants.

6. When filing its complaint in the Denver District Court, the Judgment Debtor's company was represented by counsel.

7. Wassail and the individual defendants filed counterclaims against Global Golf.

8. Wassail also filed third-party claims against the Judgment Debtor and the Judgment Debtor's former business partner, Jim Cowdrey.

9. The aforementioned civil action is titled as follows: *Global Golf & Gift, Inc., a Colorado corporation, d/b/a Best Buy Golf Gifts, bestbuygolfgifts.com and globalgolfandgift.com, Plaintiff v. The Wassail Group, LLC, a Colorado limited liability corporation, Drake A. Harris, Taylor N. Grassby, and Courtney M. Jaret, Defendants and The Wassail Group, LLC, Counterclaimant/Third-Party Plaintiff v. Guy Bertelli and Jim Cowdrey, Third-Party Defendants*, Case No. 05CV2134, Denver District Court (hereinafter the "Denver District Court Case").

10. In all activities relevant to the Denver District Court Case and to this Adversary Proceeding, Wassail is a single member limited liability company. Drake A. Harris (hereinafter "Mr. Harris") is the sole member and manager of Wassail.

11. In all activities relevant to the Denver District Court Case and this Adversary Proceeding, Global Golf was under the control of the Judgment Debtor.

12. Indeed, it was maintained in the Denver District Court Case that Global Golf was used by the Judgment Debtor as his alter ego, and that the separate personalities of Global Golf as the corporation and Judgment Debtor as its shareholder were indistinguishable given the unity of interest and ownership.

13. Upon information and belief, Global Golf was dissolved on October 10, 2003.

14. On December 9, 2004, Global Golf, through its attorneys, filed its Articles of Reinstatement with the Colorado Secretary of State.

15. Therefore, between October 10, 2003 and December 9, 2004, Judgment Debtor continued to operate Global Golf, although it was a dissolved corporation.

16. Upon information and belief, on December 9, 2004 and through its attorneys at that time, Global Golf filed a statement of trade name with the Colorado Secretary of State for globalgolfandgift.com.

17. Upon information and belief, on December 9, 2004 and through its attorneys at that time, Global Golf improperly filed a statement of trade name with the Colorado Secretary of State for Best Buy Golf & Gifts, and bestbuygolfgifts.com.

18. On or about April 9, 2004, Wassail provided the Judgment Debtor with a "Website Production Quote Sheet".

19. The quote sheet contemplated that Wassail would complete production of a new website for the Judgment Debtor on the Merchant Engine e-commerce platform, including the adoption of up to 1,000 products to the website, keyword build-out, creation of category pages, front page layout and design, top-line categories, search engine optimization through meta-tags and keyword content guidelines, and create "policy pages" with content provided by the Judgment Debtor.

20. The quote sheet contemplated that the Judgment Debtor would pay Wassail $1,250.00 as a down payment and the balance of $1,250.00 upon project completion. The quote sheet also provided that the Judgment Debtor would pay Wassail twenty-five percent (25%) of gross revenue billed through the website and system.

21. However, the Judgment Debtor did not pay Wassail the $1,250.00 down payment as contemplated in the quote sheet.

22. Despite the Judgment Debtor's failure to pay Wassail this down payment, Wassail timely and properly completed all work as contemplated by the quote sheet.

23. In addition, during the months of April, May, June and July, 2004, Wassail paid a hosting fee of $300.00 per month for the Judgment Debtor, designed a front page to the website, including a logo, designed all product inventory, landing pages, help pages, text and pictures, paid for all customer service and operating costs associated with the site, established a merchant bank account as described below, input the information into the website to allow for the collection of funds, paid all expenses for the site including high speed internet access, and telephone, and managed all sales, orders, and vendors.

24. The Judgment Debtor had knowledge of these payment made by Wassail and its work on behalf of the Judgment Debtor.

25. Indeed, with regard specifically to the internet access, Wassail provided this access, at its own expense, to the Judgment Debtor's entire business during the period of time that Wassail maintained offices in the same building as the Judgment Debtor. During this period of time, Wassail set up its offices in the same building because the Judgment Debtor approached Mr. Harris in August of 2004 about partnership opportunities with the Judgment Debtor surrounding the operation and business conducted on the Global Golf website. During this period of time, the Judgment Debtor's employees also used the internet access provided by Wassail. Wassail was never reimbursed for its providing internet access to the Judgment Debtor despite repeated requests.

26. In completing the work described above, the Judgment Debtor selected globalgolfandgift.com as his website domain name.

27. The Judgment Debtor had knowledge and was aware that Wassail would establish the globalgolfandgift.com website domain name and that it would contract with third-parties for the creation, hosting, and registering of the website, and that the Judgment Debtor would be responsible for payments to these third-parties.

28. In addition, at the request of the Judgment Debtor, Wassail set up a merchant bank account for the transfer of credit card sales, generated from the globalgolfandgift.com website, into the Judgment Debtor's bank account.

29. Indeed, during the process of setting up this account and others for the globalgolfandgift.com website, certain third-party vendors, such as Horning, required for tax purposes an employer identification number. Therefore, Wassail asked the Judgment Debtor to provide his company's employer identification number.

30. However, the Judgment Debtor claimed that the company did not have a tax identification number, and therefore required that Wassail establish the account with this third-party vendor using its own information.

31. The establishment of this vendor account and accounts with other vendors was done with the Judgment Debtor's knowledge and agreement.

32. Judgment Debtor did not pay Wassail the $1,250.00 upon completion of the project, as contemplated in the quote sheet.

33. Judgment Debtor also did not pay Wassail the 25% gross revenue billed.

34. The only payment made by the Judgment Debtor to Wassail was a $172.20 payment made on or about October 18, 2004.

35. During the course of dealing between the parties, the Judgment Debtor made a number of explicit misrepresentations to Wassail concerning its ability to pay for Wassail's services and work product, and to reimburse Wassail for all website hosting, registration, internet access, and telephone expenditures. The Judgment Debtor also issued misrepresentations to Wassail concerning its desire to form a partnership with Wassail, as discussed herein, above.

36. In reliance on these representations, Wassail provided the services and work described herein, above.

37. During this same period of time, Wassail established another website domain by the name of bestbuygolfgifts.com., and created a website. This website was not contemplated by the aforementioned quote sheet.

38. Yet, the Debtor began using the site and in the Denver District Court Case, Wassail took

position that the Debtor did not own nor have any rights to the bestbuygolfgifts.com website.

39. The Judgment Debtor received all revenues generated from sales on all websites, but failed to make any payments to Wassail.

40. After Wassail vacated the office building shared with the Judgment Debtor, Mr. Harris learned that the Judgment Debtor had spoken with a person employed with one of Wassail's customers, Kloppenberg, and that the Judgment Debtor had discussed the circumstances surrounding the instant dispute with the employee.

41. At that time, Wassail maintained an exclusive online dealer agreement with Kloppenberg for the sale of Kloppenberg's products.

42. The Judgment Debtor was aware of Wassail's contract with Kloppenberg.

43. Indeed, on several occasions Mr. Harris discussed the Wassail/Kloppenberg contract with the Judgment Debtor.

44. After Wassail vacated the office building shared with the Judgment Debtor, it was advised by this employee that Kloppenberg would be terminating its agreement with Wassail because of its dispute with the Judgment Debtor.

45. Thereafter, Wassail's exclusive online commercial dealer agreement with Kloppenberg was terminated by Kloppenberg.

46. In the Denver District Court Case, Wassail brought third-party claims against the Judgment Debtor for fraud, negligent misrepresentation and intentional interference with contractual relations.

47. On February 15, 2016, the Denver District Court entered an order dismissing with prejudice all claims brought against Wassail and the individual defendants based upon the Judgment Debtor's company's failure to prosecute its claims, and entered judgment in favor of Wassail and against the Judgment Debtor for Wassail's third-party claims.[1] A copy of the Denver District Court's Order entered on February 15, 2006 is attached hereto as **Exhibit 1** and incorporated herein by reference.

48. On March 31, 2006, the Denver District Court entered judgment in favor of Wassail and against the Judgment Debtor for Wassail's attorneys' fees in the amount of $15,129.50 and for Wassail's costs in the amount of $627.64. Therefore, the total amount of the judgment entered was $15,757.14.[2] A copy of the Denver District Court's Order entered on March 31, 2006 is attached hereto as **Exhibit 2** and incorporated herein by reference.

---

[1] Judgment was also entered in favor of Wassail for its counterclaims and third-party claims against Jim Cowdrey and the Judgment Debtor's business, Global Golf.

[2] Judgment was also entered in favor of Wassail for its counterclaims and third-party claims against Jim Cowdrey and the Judgment Debtor's business, Global Golf.

49. On July 19, 2006, the Denver District Court entered judgment in favor of Wassail and against the Judgment Debtor in the amount of $50,143.06 for actual damages and in the amount of $50,143.06 for exemplary damages pursuant to C.R.S. §13-21-102.[3] The Court also awarded Wassail pre-judgment and post-judgment interest and ordered that the name, website, and domain name bestbuygolfgifts.com was owned by and the exclusive, proprietary property of the Wassail. A copy of the Denver District Court's Order entered on July 19, 2006 is attached hereto as **Exhibit 3** and incorporated herein by reference.

50. Prior to filing the Petition for Bankruptcy with this Court, the Judgment Debtor was served with Creditor/Debtor Interrogatories pursuant to Rule 69 of the Colorado Rules of Civil Procedure and his examination was arranged with and scheduled with the Denver District Court to commence on May 4, 2017. The Judgment Debtor was personally served on April 6, 2017 with the Interrogatories and Notice of Examination (Duces Tecum) pursuant to Rule 4 of the Colorado Rules of Civil Procedure.

51. On April 28, 2017, through a second set of attorneys, the Judgment Debtor filed a motion for enlargement of time to respond to the interrogatories and for a continuance of the Rule 69 Examination claiming that he was going to be out of town on May 4, 2017 through May 10, 2017 and would not be available for an examination until after May 11, 2017.

52. Despite repeated requests, the Judgment Debtor's Rule 69 Examination was never rescheduled and the Judgment Debtor never answered the Creditor/Debtor Interrogatories that were served on him.

53. Consequently, consistent with the Denver District Court's procedure regarding discovery disputes, a notice to set the matter for hearing was filed to address the Judgment Debtor's refusal to reschedule his examination and failure to answer the Creditor/Debtor Interrogatories that had been served on him nearly two months prior.

54. On May 22, 2017, the Judgment Debtor's second set of attorneys filed their motion to withdraw as counsel for the Judgment Debtor in the Denver District Court Case.

55. On May 31, 2017, also through his second set of lawyers and while their motion to withdraw was pending, the Judgment Debtor filed his "Notice of Filing for Bankruptcy" in the Denver District Court Case.

56. Interestingly, the same day that the second set of lawyers filed their motion to withdraw in the Denver District Court Case, the Judgment Debtor completed his credit counsel pursuant to 11 U.S.C. §§109(h) and 111 for this bankruptcy case.

---

[3] Judgment was also entered in favor of Wassail for its counterclaims and third-party claims against Jim Cowdrey and the Judgment Debtor's business, Global Golf.

57. On May 24, 2017, through a third attorney, the Judgment Debtor filed his Chapter 7 Petition for Bankruptcy.

58. Notably, the Judgment Creditor has had the financial means to hire and pay three sets of law firms to represent him in the Denver District Court Case and in this bankruptcy proceeding, yet except for the aforementioned $172.20 payment made on or about October 18, 2004, the Judgment Debtor has failed to pay Wassail.

59. Through oral and written words and through a combination of his words and conduct, the Judgment Debtor acted in a deceitful, unscrupulous and intentionally wrongful manner with respect to his Chapter 7 bankruptcy case and with respect to Wassail, including, without limitation, performing the following acts:

    a. Judgment Debtor's obtaining services from Wassail, taking monies earned from the websites, failing to reimburse for out-of-pocket expenses, and receiving other tangible benefits, while maintaining no intention of paying Wassail;

    b. Judgment Debtor's misrepresentations that he was able to and would pay Wassail;

    c. Judgment Debtor's promises that he would pay Wassail, which promises were untrue;

    d. Judgment Debtor's continued acceptance of services, monies, and other tangible benefits from Wassail while maintaining no intention to pay Wassail;

    e. Judgment Debtor's failure to pay Wassail;

    f. Judgment Debtor's failure to perform his obligations under the agreement between the parties; and

    g. Judgment Debtor's abandonment of the claims brought in the Denver District Court Case, and failure to prosecute those claims and the defenses he alleged to the third-party claims brought against him in that civil action, after he was the one that initiated the subject lawsuit, meanwhile all to the detriment of Wassail as it continued to unnecessarily incur damages, attorneys' fees and costs to protect its interests in the Denver District Court Case.

### FIRST CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(2) - Fraud)

60. Wassail restates and alleges paragraphs 1 through 59 above as if fully set forth herein.

61. The Judgment Debtor's actions were undertaken to obtain services, monies, and other tangible benefits from Wassail.

62. Services, monies, and other tangible benefits were obtained by the Judgment Debtor from Wassail by false pretenses, a false representation, and/or actual fraud, within the meaning of 11

U.S.C. § 523(a)(2).

63. Wassail justifiably relied upon the representations made by the Judgment Debtor, including, without limitation, the Judgment Debtor's representation that he would pay Wassail.

64. As a direct and proximate result of the Judgment Debtor's representations, Wassail has suffered damages and losses in an amount to be proven at trial.

65. Indeed, judgment has been entered against the Judgment Debtor for actual damages in the amount of $50,143.06 and for exemplary damages in the amount of $50,143.06 pursuant to C.R.S. §13-21-102.

66. C.R.S. §13-21-102 states, in pertinent part, as follows:

> In all civil actions in which damages are assessed…for a wrong done to the person, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, … in addition to the actual damages sustained by such party, [the party] may be award[ed] reasonable exemplary damages. The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party. As used in this section, "willful and wanton conduct" means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff."

C.R.S. §13-21-102(1)(a) and (b).

67. Therefore, the debt owed to Wassail is nondischargeable, pursuant to 11 U.S.C. § 523(a)(2).

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(4) – Embezzlement, Larceny)

68. Wassail restates and alleges paragraphs 1 through 67 above as if fully set forth herein.

69. The Judgment Debtor's acts with respect to Wassail constitute embezzlement and larceny, within the meaning of 11 U.S.C. § 523(a)(4), in that (i) the Judgment Debtor appropriated Wassail's services and payments made by Wassail on behalf of the Judgment Debtor, and kept monies generated though the websites for the Judgment Debtor's own benefit by fraudulent intent or deceit; (ii) the Judgment Debtor accepted and received the services and payments for himself and deposited the monies generated from the websites in an account accessible only to the Judgment Debtor; and (iii) the disbursal or use of these services, payments and monies was completed by the Judgment Debtor without explanation or reason or purpose.

70. Therefore, the debt owed to Wassail is nondischargeable, pursuant to 11 U.S.C. § 523(a)(4).

## THIRD CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(6) – Willful and Malicious Injury)

71. Wassail restates and alleges paragraphs 1 through 70 above as if fully set forth herein.

72. The Judgment Debtor's actions, as complained herein, were undertaken willfully and maliciously, within the meaning of 11 U.S.C. § 523(a)(6).

73. As a result, the Judgment Debtor's actions caused willful and malicious injury to Wassail.

74. Indeed, judgment has been entered against the Judgment Debtor for actual damages in the amount of $50,143.06 and for exemplary damages in the amount of $50,143.06 pursuant to C.R.S. §13-21-102.

75. Therefore, the debt owed to Wassail is nondischargeable, pursuant to 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiff The Wassail Group, LLC, respectfully requests entry of judgment in its favor and against Judgment Debtor/Defendant, Guy Bertelli, as follows:

A. For a determination that the damages caused by the Judgment Debtor's acts against Wassail are non-dischargeable, pursuant to § 523(a)(2), (4), and (6);

B. For an award of compensatory damages, together with pre and post- judgment interest, exemplary or punitive damages, and attorneys' fees and costs associated with this litigation; and

C. For such other relief as this Court deems reasonable and necessary.

Dated this 16th day of August, 2017.

Respectfully submitted,

PADILLA & PADILLA, PLLC

By: /s/ Joaquin G. Padilla
Joaquin G. Padilla, Reg. No. 28079
1753 Lafayette Street
Denver, Colorado 80218
Telephone: (303) 832-7145
Fax: (303) 832-7147
E-mail: Joaquin@padillalawoffices.com

*Attorneys for Plaintiff/Creditor The Wassail Group, LLC*

## VERIFICATION AND ACKNOWLEDGEMENT

I swear/affirm under oath that I have read the foregoing document and that the information set forth herein is true and correct to the best of my knowledge.

Dated this 16th day of August, 2017.

_____
Affiant's Signature/Drake A. Harris
for and on behalf of The Wassail Group, LLC,
as its Sole Member and Manager

Subscribed and affirmed, or sworn to before me in the City & County of Denver, State of Colorado, this __16Th__ day of August, 2016.

My commission expires: _12/20/2018_.

_____
Notary Public/Deputy Clerk

[Notary Seal: LEROY R. MOYA, NOTARY PUBLIC, STATE OF COLORADO]

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2017, a true and correct copy of the foregoing VERIFIED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT was filed with the Clerk of Court using the CM/ECF systems which will send notification of such filing to the following email addresses and/or deposited into the United States Mail, postage prepaid, addressed to the following:

Ronald S. Dee, Esq.
Law Firm of Ronald S. Dee
1901 W. Littleton Blvd., #216
Littleton, CO 80120-2087
RonDee@RonDeeLaw.com

*Attorney for Debtor/Defendant Guy Bertelli*

American Express
P.O. Box 650448
Dallas, TX 75265-0448

Chase Sapphire Visa
P.O. Box 94014
Palatine, IL 60094-4014

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanne Y. Jagow, Esq.
P.O. Box 271088
Littleton, CO 80127-0019
trustee@jagowlaw.us
jjjagow@jagowlaw.us
jjagow@ecf.epiqsystems.com

*Trustee*

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Denver, CO 80294
USTPRegion19.DV.ECF@usdoj.gov

Chase Visa
P.O. Box 94014
Palatine, IL 60094-4014

By: /s/ Joaquin G. Padilla

DISTRICT COURT
CITY AND COUNTY OF DENVER, COLORADO

City & County Building, Room 256
1437 Bannock Street
Denver, CO 80202

▲Court Use Only▲

GLOBAL GOLF & GIFT, INC., a Colorado corporation, d/b/a Best Buy Golf Gifts, bestbuygolfgifts.com and globalgolfandgif.com,
Plaintiff(s),

v

THE WASSAIL GROUP, LLC, a Colorado Limited Liability corporation, DRAKE A. HARRIS, TAYLOR N. GRASSBY, and COURTNEY M. JARET,
Defendant(s).

THE WASSAIL GROUP, LLC
Third-Party Plaintiff(s),

v

GUY BERTELLI and JIM COWDREY,
Third-Party Defendant(s)

CASE NO.

05 CV 2134

Courtroom 3

## ORDER

   THIS MATTER having come before the Court on Defendants' and Third-Party Plaintiff's Motion to Dismiss for Failure to Prosecute Claims, pursuant to C.R.C.P. 121© §1-10.1, and the Court being sufficiently advised in the premises of such motion, hereby:
   FINDS that Plaintiff has failed to prosecute its claims with due diligence, that Plaintiff has failed to respond or otherwise object to this motion,
   ORDERS that the motion is granted, and pursuant to Rule 121 © §1-10.1 of the Colorado Rules of Civil Procedure, Plaintiff's claims against Defendants The Wassail Group, LLC, Drake A. Harris, Taylor Grassby (incorrectly designated as "Taylor N. Grassby"), and Courtney M. Jaret, are dismissed with prejudice, and judgment is entered in favor of Defendant/Third-Party Plaintiff The Wassail Group, LLC against Plaintiff Global Golf & Gift, Inc., a Colorado Corporation, d/b/a Best Buy

Order 2/14/06

1

**EXHIBIT 1**
Wassail v. Bertelli
Adversary Proceeding

Golf Gifts, bestbuygolfgifts.com and globalgolfandgift.com, and against Third-Party Defendant Guy Bertelli, individually and Jim Cowdrey, individually, for Wassail Group's counterclaims and third-party claims.

ORDERS that, Defendants Drake A. Harris, Taylor Grassby (incorrectly designated as "Taylor N. Grassby"), and Courtney M. Jaret, and Defendant/Third-Party Plaintiff The Wassail Group, LLC shall file their bill of costs, statement of attorneys' fees, and affidavit of indebtedness within 15 days of the date of this Order.

Case Management Conference set for February 24, 2006 is hereby vacated.

Dated: February 15, 2006

BY THE COURT;

Robert S. Hyatt
District Court Judge

| | |
|---|---|
| DISTRICT COURT<br>CITY AND COUNTY OF DENVER, COLORADO<br><br>City & County Building, Room 256<br>1437 Bannock Street<br>Denver, CO 80202 | |
| | ▲ Court Use Only ▲ |
| GLOBAL GOLF & GIFT, Plaintiff(s),<br><br>v.<br><br>THE WASSAIL GROUP, LLC, DRAKE HARRIS, TAYLOR GRASSBY, COURTNEY JARET, ANNE KAYE, Defendant(s),<br><br>THE WASSAIL GROUP, LLC, Third-Party Plaintiff,<br><br>v.<br><br>GUY BERTELLI AND JIM COWDREY, Third-Party Defendants. | CASE NO.<br><br>05 CV 2134<br><br>Courtroom 3 |

## ORDER

THIS MATTER is before the Court pursuant to Defendants Harris, Grassby, Jaret, and Defendant/Third-Party Plaintiff The Wassail Group, LLC Bill of Costs and Statement of Attorneys' Fees and the Court being sufficiently advised in the premises hereby Orders:

Defendants Bill of Costs and Attorneys' fees is granted. No objection or response filed. Judgment enters in favor of Defendant/Third-Party Plaintiff The Wassail Group, LLC and against Plaintiff Global Golf & Gift, Inc., and against third-Party Defendants, Guy Bertelli, individually, and Jim Cowdrey individually, for Wassail's attorneys' fees in the amount of $15,129.50 and for Wassail's costs in the amount of $627.64 for a total amount of $15,757.14

Dated: March 31, 2006

BY THE COURT;

*[signature]*

Robert S. Hyatt
District Court Judge

1

**EXHIBIT 2**
Wassail v. Bertelli
Adversary Proceeding

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address:<br>1437 Bannock Street<br>Denver, Colorado 80202<br><br>---<br><br>GLOBAL GOLF & GIFT, INC., a Colorado corporation, d/b/a Best Buy Golf Gifts, bestbuygolfgifts.com and globalgolfandgift.com<br><br>Plaintiff,<br><br>v.<br><br>THE WASSAIL GROUP, LLC, a Colorado limited liability corporation, DRAKE A. HARRIS, TAYLOR N. GRASSBY, and COURTNEY M. JARET,<br><br>Defendants,<br><br>THE WASSAIL GROUP, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>GUY BERTELLI and JIM COWDREY,<br><br>Third-Party Defendants. | ▲ COURT USE ONLY ▲<br><br>Case Number: 05CV2134<br><br>Ctrm./Division No.: 3 |
| Attorney Name: Joaquin G. Padilla, No. 28079<br>Firm Name: Law Offices of Joaquin G. Padilla, PLLC<br>Address: 1775 Sherman Street, Suite 2015<br>Denver, Colorado 80203-4322<br>Phone Number: (303) 839-5129<br>Facsimile: (303) 839-1827<br>E-mail: jgp@jpadillalaw.com | |
| **ORDER** | |

THIS MATTER having come before the Court on Defendant/Third-Party Plaintiff The Wassail Group, LLC's Affidavit of Indebtedness, and the Court being sufficiently advised in the premises, hereby

FINDS that in its February 15, 2006 Order, the Court entered judgment in favor of The Wassail Group, LLC and against Plaintiff Global Golf & Gift, Inc. and Third-Party Defendants Guy Bertelli and Jim Cowdrey for The Wassail Group, LLC's counterclaims and third-party claims, and

FINDS that in its February 15, 2006 Order, the Court requested that The Wassail Group, LLC file its Affidavit of Indebtedness no later than March 2, 2006, and

FINDS that on March 2, 2006, The Wassail Group, LLC filed its Affidavit of Indebtedness, and therefore

1

**EXHIBIT 3**
Wassail v. Bertelli
Adversary Proceeding

ORDERS that judgment is entered in favor of Defendant/Third-Party Plaintiff The Wassail Group, LLC and against Plaintiff Global Golf & Gift, Inc. and against Third-Party Defendants Guy Bertelli, individually, and Jim Cowdrey, individually, for The Wassail Group, LLC's counterclaims and third-party claims and damages are awarded to The Wassail Group, LLC and against Plaintiff Global Golf & Gift, Inc. and against Third-Party Defendants Guy Bertelli, individually, and Jim Cowdrey, individually, in the amount of $50,143.06, and

ORDERS that judgment is entered in favor of The Wassail Group, LLC and against Plaintiff Global Golf & Gift, Inc. and against Third-Party Defendants Guy Bertelli, individually, and Jim Cowdrey, individually, for pre-judgment interest at the legal rate of eight percent (8%) per annum on $8,143.06 (from October 31, 2004-the date that monies were owed), and

ORDERS that judgment is entered in favor of The Wassail Group, LLC and against Plaintiff Global Golf & Gift, Inc. and against Third-Party Defendants Guy Bertelli, individually, and Jim Cowdrey, individually, for pre-judgment interest at the legal rate of nine percent (9%) per annum on $42,000.00 (from May 9, 2005- the date that the counterclaims and third-party claims were filed), and

ORDERS that judgment is entered in favor of The Wassail Group, LLC and against Plaintiff Global Golf & Gift, Inc. and against Third-Party Defendants Guy Bertelli, individually, and Jim Cowdrey, individually, for post-judgment interest at the legal rate of _____% (from the date of the Court's February 15, 2006 Order), and

ORDERS that judgment is entered in favor of The Wassail Group, LLC and against Plaintiff Global Golf & Gift, Inc. and against Third-Party Defendants Guy Bertelli, individually, and Jim Cowdrey, individually, for exemplary damages in the amount of $50,143.06 pursuant to C.R.S. §13-21-102, and

ORDERS that the name, website, and domain name bestbuygolfgifts.com is owned by and is the exclusive, proprietary property of The Wassail Group, LLC.

Dated this 10 day of May, 2006.

BY THE COURT:

_____
Robert S. Hyatt
District Court Judge

2